THE CHICAGO, LAKE SHORE AND SOUTH BEND RAIL-
WAY COMPANY ET AL. *v.* PUBLIC SERVICE
COMMISSION.

[No. 23,253.  Filed December 20, 1917.]

1.  RAILROADS. — *Highway Crossings.* — *Separation of Grade.* —
*Statute.*—Under §5, Acts 1913 p. 508, §5556e Burns 1914, rela-
tive to the separation of the grades of a highway and a steam
railroad, that part of the section which provides for the pay-
ment of additional cost by a street railroad company or by an
interurban or a suburban street railroad company in cases
where the highway elevated or depressed is occupied by a rail-
way of any such company and the additional cost is made
necessary by such occupancy, applies to street, interurban or
suburban railroads occupying the highway longitudinally; and
the additional cost is entirely different from the costs charged
where the railway crosses at right angles. p. 22.

2.  RAILROADS. — *Highway Crossings.* — *Separation of Grade.* —
*Power of Public Service Commission.* — Under §5, Acts 1913
p. 508, §5556e Burns 1914, relative to the separation of the
grades of a highway and a steam railroad—which provides that
if the line of any street railroad or of an interurban or sub-
urban street railroad is so located as to require a separation
of grade of such line and the highway or is otherwise affected,
the Public Service Commission shall have power, as in cases of
steam railroads, to make such company a party and to pre-
scribe the extent of separation so required and shall determine
the manner and extent to which such company may be affected,
and that one-fourth of the cost of the separation, change or

alteration shall be borne by the county and the three-fourths thereof by the company—the commission has a broad discretion in determining the manner and extent in which the companies may be affected; and, in the absence of some special circumstances, where two interurban railroads and a steam railroad crossed a highway at right angles near each other, it was not improper for the commission to require each company to pay seventy-five per cent. of the cost of the change and structures necessary on their respective rights of way and to apply the same rule to the cost of the approaches, the steam road to construct one of the approaches and the two interurban roads, the other.   pp. 23, 24.

From Laporte Circuit Court; *James F. Gallaher,* Judge.

Proceeding before the Public Service Commission by the board of commissioners of St. Joseph county against The Chicago, Lake Shore and South Bend Railway Company and others.   From a judgment sustaining the order of the commission, The Chicago, Lake Shore and South Bend Railway Company appeals.   *Affirmed.*

*F. J. Lewis Meyer,* for appellant.

*Ele Stansbury, Attorney-General, Patrick J. Houlihan* and *Graham & Crane,* for appellee.

MYERS, J.—This case was begun by the filing of a petition by the board of commissioners of St. Joseph county, and others, with the Public Service Commission, under §§4 and 5, Acts 1913 p. 508, being §§5556d, 5556e Burns 1914, asking for an order separating the grade of the crossing of the Michigan road, now known as the Lincoln Highway, near New Carlisle, Indiana, from that of the New York Central Railroad Company, the Chicago, Lake Shore and South Bend Railway Company, and the Chicago, South Bend and Northern Indiana Railway Company.   Such proceedings were thereafter had before the commission resulting in an order for the separation of the grade of the highway and the tracks of these railroads.   From this order the New York Cen-

tral Railroad and appellant appealed to the St. Joseph Circuit Court. Thereafter the venue was changed to the LaPorte Circuit Court where the cause was tried, resulting in a judgment sustaining and confirming the order made in the premises by the commission without change or modification. Thereupon appellant, by a motion to modify the judgment, in brief, sought to have the cost of the proposed improvement so adjudged against it reduced. This motion was overruled, and this ruling is the only error assigned and not waived in this court.

Appellant, in support of its motion, relies on that part of §5, *supra,* which reads as follows: "If in any case of a separation of grades of a railroad and a highway under the provisions of this act, the highway elevated or depressed shall be occupied by the railway of any street railroad, interurban street railroad or suburban street railroad company and it shall be necessary to add to the cost of such separation by reason of such use by such railway of such highway, such additional cost shall be charged to and enforced against such street railroad, interurban street railroad or suburban street railroad company as provided herein in case of steam railroads."

The New York Central is a steam road; the Chicago, Lake Shore and South Bend Railway Company and the Chicago, South Bend and Northern Indiana Railway Company are both interurban roads. The tracks of each of these three companies cross said public highway at right angles, and within close proximity of each other. Looking to that part of the section of the act quoted, in our opinion it has reference to street, interurban or suburban railroads which occupy the

1. highway longitudinally, and the cost therein referred to which should be paid by such road is entirely different from the costs made and charged against railroads, steam or interurban, in a separation

of grade proceedings where such railroad tracks cross the highway at right angles. In the latter case, as the one before us, it is clear that the subject of costs for the making of the proposed improvement, is controlled by that part of §5, *supra,* which reads as follows: "That if in any case of separation of a grade of a highway and a steam railroad under the provisions of this act the line of any street railroad, interurban street railroad or suburban street railroad company is so located as to require a separation of the grade of such line and the highway or is otherwise affected, the commission shall have power, as in case of steam railroads, to make such street railroad, interurban street railroad or suburban street railroad company a party to the proceedings for that purpose and serve them with notice as in the case of steam railroads, and by order prescribe, as herein provided, the character and extent of separation so required, and shall determine the manner and extent to which said company or companies may be affected and the cost of any such separation or of any change or alteration in the grade, roadbed or tracks of any such company or companies so required shall be borne one-fourth by the county or counties in which such separation is required and three-fourths by such company."

If it be true, as appellant insists, that the power to separate the grade of a public highway and that of an interurban road is only incidental to the separation of grades of steam roads, it is nevertheless a power which the commission, if the facts warrant, may exercise. In this case the commission did act, and its right to do so is not questioned. Its order extended to each company separately, requiring only the changes and structures necessary on their respective rights of way to complete the subways as in the order specified, the cost in each case to be borne seventy-five

24 SUPREME COURT OF INDIANA,

Chicago, etc., R. Co. v. Public Service Commission—187 Ind. 20.

per cent. by the company and twenty-five per cent. by the county. The same rule as to the payment of the cost of the approaches was observed, the steam road to construct one of the approaches and the interurban roads together, the other.

Appellant contends that it should not be required to pay any part of the cost of either of the approaches for the reason that the steam road, under the act, is required to separate the grades and were it not for the proximity of the interurban lines it would be compelled to construct both of the approaches, but by reason of the location of the interurban roads, the cost of one of the approaches is taxed to them, and the statute only contemplates that they pay the additional cost incurred by reason of the lengthening of the approaches and other additional cost made necessary by their presence. There might be cases where appellant's contention would be timely and equitable, as between the companies interested, but there is no fact brought to our attention in this case which would require this court to disturb the judgment of the trial court on a matter

2. where the statute, as here, gives the commission such a broad discretion to determine the manner and extent to which the companies may be affected, as well as the right of apportioning the cost of such separation.

There was no error in overruling the motion to modify. Judgment affirmed.

Note.—Reported in 118 N. E. 125. Railroads: Liability for costs of changing grade of street to prevent the crossing of the railroad at grade, see 26 L. R. A. 92. See also 33 Cyc 292.